MEMORANDUM OPINION

 

                                                     No.
04-10-00837-CV

 

                                           Anna
Maria Salinas SAENZ, et al.,

                                                             Appellants

 

                                                                    v.

 

                                       THORP PETROLEUM CORP., et al.,

                                                              Appellees

 

                        From the
229th Judicial District Court, Starr County, Texas

                                               Trial
Court No. DC-04-120-A

                                 Honorable
Alex William Gabert, Judge Presiding

 

PER CURIAM

 

Sitting:          Phylis J. Speedlin, Justice

Rebecca
Simmons, Justice

Steven C.
Hilbig, Justice

 

Delivered and Filed:  April 6, 2011 

 

DISMISSED

           Appellants
filed notice of appeal on November 19, 2010 declaring their intent to appeal several
partial summary judgment orders that were severed into a new cause by written
order signed on October 20, 2010, thereby making the summary judgments final
and appealable.  Thereafter, the district clerk filed a certified copy of an
order signed by the trial court on December 15, 2010, granting the defendants’
motion for reconsideration and vacating the October 20, 2010 severance order.  Having
determined that the summary judgment orders appeared to be interlocutory, we
ordered appellants to show cause in writing why this appeal should not be
dismissed for lack of jurisdiction.  Appellants responded and agreed that,
while the summary judgment orders were final and appealable at the time they
filed notice of appeal, the trial court’s subsequent vacating of its severance
order during its plenary power means the summary judgment orders are no longer
final and appealable.  Having confirmed that the
summary judgment orders are interlocutory because they do not dispose of the
appellants’ other pending claims against defendants, and there is no severance
order in effect, we must dismiss this appeal.  See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 205-06 (Tex. 2001).  Accordingly, this appeal
is dismissed for lack of jurisdiction.  See Tex. R. App. P. 42.3(a).  

PER CURIAM